Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>v.<br><br>KAMYAR JAHANRAKHSHAN,<br>Defendant. | NO. MJ17-310<br><br>UNITED STATES' MEMORANDUM REGARDING IDENTITY HEARING |

In advance of the identity hearing scheduled for August 24, 2017, the United States submits the following memorandum and associated exhibits which have been filed under seal to expedite both the presentation of evidence and the resolution of any legal issues:

1. Defendant Kamyar Jahanrakshan was arrested on July 26, 2017 on a complaint and warrant issued out of the Northern District of Texas. *See* Dkt. # 1. On the same day, the defendant appeared before the Court and requested both a detention hearing and an identity hearing. Dkt. #4. On July 28, 2017, after conducting the detention hearing, the Court entered an order detaining the defendant. Dkt. #8.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. At the request of defense counsel, the identity hearing was continued three times. *See* Dkt. ##10, 14, and 15. The hearing is currently scheduled for Thursday, August 24, 2017 at 10:30am.

**I. LEGAL STANDARD**

3. In transfer cases, Rule 5(c)(3)(D)(2) of the Federal Rules of Criminal Procedures requires the Court to determine whether "the defendant is the same person named in the indictment, information, or warrant."

4. The United States bears the initial burden of showing identity. Although the rule is silent as to the standard of proof, at least one court has found that the standard of proof is arguably less than probable cause where the defendant has been charged by a grand jury. *United States v. Saldana-Beltran*, 37 F. Supp. 3d 1180, 1186 (S.D. Cal. 2014) (explaining that "it would also make sense to have an identity standard that is less rigorous that the probable cause standard, since probable cause to believe a crime has been committed and a person named committed it has already been determined by a grand jury").

5. There is no requirement that the United States must produce a witness to testify at an identity hearing. Indeed, the Ninth Circuit has held that "[a]n identity of names is sufficient to create an inference of identity which the [defendant] must rebut." *Smith v. United States*, 92 F.2d 460, 461 (9th Cir. 1937); *see also Charlie Wong v. Esola*, 6 F.2d 828, 829 (9th Cir. 1925) ("An inference of identity of person may be drawn from identity of name.") (citations omitted).

6. The Federal Rules of Evidence do not apply to an identity hearing, and hearsay evidence is generally admissible provided that it has some indicia of reliability. *See* Fed. R. Evid. 1101(d)(3); *Saldana-Beltran*, 37 F. Supp. 3d at 1187-88.

7. An identity hearing is limited strictly to the issue of whether the defendant is the person identified in the indictment, information, or warrant. It is not an opportunity for the defense to conduct discovery. Nor is it an opportunity for the defense to make



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

discovery challenges. One district court has noted, "[a]ll federal courts have resisted the attempts by defendants in an identity/removal hearing to challenge the manner in which evidence against them was obtained." *United States v. Martinez-Leon*, 565 F. Supp. 2d 1131, 1134–35 (C.D. Cal. 2008) (citations omitted).

## II. GOVERNMENT'S IDENTITY EVIDENCE

8. There is overwhelming documentary evidence showing that the defendant is the person named in the warrant.

### Legal Documents Identifying the Defendant by Name

9. **Exhibit 1** is the arrest warrant that charges the defendant by his name and his aliases. The warrant identifies the defendant as "KAMYAR JAHANRAKHSHAN, also known as KAMYAR JAHAN RAKHSHAN; ANDY or ANDREW RAKHSHAN; ANDY or ANDREW KAMYAR (or KAMIAR or KAMIER) RAKHSHAN."

10. **Exhibit 2** is the criminal complaint, sworn in front of a U.S. Magistrate Judge, that also identifies the defendant by his name and aliases. The affidavit supporting the complaint explains that the defendant previously lived in British Columbia and has a 2011 conviction for Fraud and Obstruction in Canada for which he was incarcerated for approximately 18 months. The affidavit further explains that the defendant was deported from Canada to the United States in or about September 2014. Finally, the affidavit identifies email accounts used by the defendant and summarizes how he carried out the offense charged in the complaint.

11. **Exhibit 3** is the indictment charging the defendant by his name and aliases with the crime of knowingly causing the transmission of a command to a protected computer.

12. **Exhibit 4** is the application for the warrant that authorized the search of the defendant's apartment and his vehicle. The affidavit made in support of the application contains much of the information contained in **Exhibit 2**.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Defendant's Passport Picture Establishes His Identity**

13. **Exhibit 5** is a March 17, 2015 email in which the defendant emails himself a photograph of his passport. The sending and recipient email accounts match accounts described in **Exhibit 2** (complaint affidavit) and **Exhibit 4** (warrant affidavit). The passport picture depicts the defendant, and identifies him as "Andrew Kamiar Rakhshan." The passport also lists the defendant's date of birth.

**Photographs from the Defendant's Apartment and Car Corroborate His Identity**

14. **Exhibits 6, 7, 8, 10, 11,** and **12** are photographs taken during the Federal Bureau of Investigation's search of the defendant's apartment and vehicle.

15. **Exhibit 6** is a photograph of the defendant's lease agreement that identifies him as, "Andrew Rakshan" and indicates that he lived at the apartment which was searched by the FBI and at which the defendant was arrested.

16. **Exhibits 7** and **8** are photographs of banking documents that reflect the defendant's prior address in Canada and which identify him as "Andrew Kamiar Rakshan."

17. **Exhibit 10** is a photograph of the registration certificate for the defendant's vehicle. The certificate identifies the defendant as "Andrew K. Rakhshan" and lists the license plate number for the defendant's 2014 Audi sedan.

18. **Exhibit 11** is a photograph of the defendant's Boeing identification card. The picture on the card depicts the defendant and identifies him as "Andy Rakhshan."

19. **Exhibit 12** is a photograph of the defendant's Audi sedan and shows that the vehicle has the license plate number identified in the defendant's registration certificate (**Exhibit 10**).

**Fingerprint Evidence of the Defendant's Identity**

20. **Exhibits 13-16** establish the defendant's identity through his fingerprints.

21. The FBI's Criminal Justice Information Services Division ("CJIS") provides analysis of biometric information such as fingerprints. As explained on the



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CJIS website, "[f]ingerprints vary from person to person . . . and don't change over time. As a result, they are an effective way of identifying fugitives and helping to prove both guilt and innocence." https://www.fbi.gov/services/cjis/fingerprints-and-other-biometrics (last checked 8/23/2017).

22. **Exhibit 14** is a CJIS report explaining that the fingerprints taken subsequent to the defendant's arrest on July 26, 2017 match preexisting prints in the FBI's files for an individual named "Andrew Kamiar Rakhshan."

23. **Exhibit 15** is a June 3, 2010 fingerprint card related to the defendant's 2010 arrest for the crimes resulting in his 2011 conviction in Canada (*see* **Exhibit 2,** ¶12). The card has a photograph that depicts the defendant and identifies him as "Kamyar Jahanrakhshan." **Exhibit 15** also lists the defendant's date of birth.

24. **Exhibit 16** is a CJIS report explaining that the fingerprints taken subsequent to the defendant's arrest on July 26, 2017 match the prints taken when the defendant was arrested in Canada (**Exhibit 15**).

**The Defendant's Prison Emails**

25. **Exhibits 9, 17, 18,** and **19** contain emails sent or received by the defendant while in the custody of the Federal Bureau of Prisons.

26. **Exhibit 9** is an August 18, 2017 email in which the defendant identifies his apartment as the apartment that was searched by the FBI (**Exhibit 4**) and identifies the license plate number for his 2014 Audi (*see* **Exhibits 10 & 12**). Furthermore, in the email, the defendant instructs the recipient as follows: "The first thing you must do when you enter my apartment is to look for a copy of the Search Warrant and a Receipt attached to it."

27. **Exhibit 17** is an email chain that includes an August 2017 email in which the defendant remarks, "can't believe is my bday tomorrow." The email is sent the day before the date of birth listed on the defendant's passport (**Exhibit 5**). Page 2 of **Exhibit 17** contains a prior email from August 14, 2017 in which the defendant instructs the



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

recipient to do research on whether "a Canadian conviction is admissible for purpose of calculating Federal sentencing." Presumably, this relates to the defendant's prior conviction in Canada. *See* **Exhibit 15** (defendant's fingerprints from arrest in Canada).

28. **Exhibit 18** is an email chain that includes an August 21, 2017 email from the defendant in which the defendant addresses the fingerprint card from the Canada arrest that the government provided to defense counsel (**Exhibit 15)**. The defendant remarks, "It just has my name and finger print."

29. **Exhibit 19** is an August 15, 2017 email in which the defendant instructs the recipient to make transfers using his financial accounts.

**Defendant's Criminal History**

30. **Exhibit 20** is the defendant's criminal history report. It lists the defendant's name as "Andrew Kamiar Rakhshan." It also lists the same date of birth as reflected on the defendant's passport (**Exhibit 5**), on the fingerprint card from his arrest in Canada (**Exhibit 15**), and in his prison email (**Exhibit 17**). **Exhibit 20** explains that the FBI previously had the defendant's fingerprints on file in connection to an application for federal employment submitted by the defendant in 2015.

**Testimonial Evidence**

31. Should the Court feel that the above exhibits do not establish probable cause that the defendant is the individual identified in the complaint, FBI Special Agent Kevin Brennan will be available to testify at the identity hearing. Special Agent Brennan was present during the defendant's arrest at his apartment and transported the defendant to the courthouse for processing by the U.S. Marshalls.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## III. CONCLUSION

The standard of proof in an identity hearing is low. The government's exhibits present overwhelming evidence that the defendant is the individual identified in the arrest warrant. Among other things, this evidence establishes the defendant's identity through his name, his aliases, his photograph, his date of birth, his fingerprints, his misconduct, and his own admissions. This evidence establishes a strong "inference of identity which the [defendant] must rebut." *Smith v. United States*, 92 F.2d 460, 461 (9th Cir. 1937).

DATED this 23rd day of August, 2017.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*s/Francis Franze-Nakamura*
FRANCIS FRANZE-NAKAMURA
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-4402
Fax: (206) 553-4440
E-mail: francis.franze-nakamura@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendant.

*s/Francis Franze-Nakamura*
FRANCIS FRANZE-NAKAMURA
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-4402
Fax: (206) 553-4440
E-mail: francis.franze-nakamura@usdoj.gov